[No. F007567. Fifth Dist. July 29, 1987.]

CHRISTOPHER SCOTT SEAMAN, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**[Opinion certified for partial publication.†]**

† Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part B of the Procedural and Factual Background, parts II and III of the Discussion, and the Concurring Opinions.

**COUNSEL**

Salle Soladay for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Assistant Attorney General, Joel Carey and Garrett Beaumont, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**BEST, J.**—In this original proceeding for writ of mandate, we hold that the superior court has discretionary authority under Penal Code[1] section 987, subdivision (d), to appoint second counsel to assist in the preparation and presentation of posttrial motions in a capital case upon an appropriate

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

showing that second counsel is necessary to provide the defendant with effective representation.

We further hold, however, that in this case, the trial court did not abuse its discretion in denying petitioner's request for second counsel and ancillary expenses, or in its award of interim attorney fees and expenses.

## STATEMENT OF THE CASE

On July 11, 1986, all proceedings in the superior court were stayed by the Supreme Court pending final determination of the petition for writ of mandate.

On August 14, 1986, the Supreme Court transferred the matter to this court with directions to issue an alternative writ to be heard before this court.

On September 5, 1986, this court issued an alternative writ of mandate directing the Tulare County Superior Court to grant ancillary funds, second counsel and reasonable attorney fees or show cause before this court why a peremptory writ of mandate granting such relief should not issue.

## PROCEDURAL AND FACTUAL BACKGROUND

Petitioner was convicted by jury of first degree murder with special circumstances, and on August 27, 1985, the jury assessed the death penalty. On September 9, 1985, petitioner, acting in propria persona, filed a motion for new trial based on ineffective assistance of appointed trial counsel, James Wilson. The motion was signed by Attorney Salle Soladay on behalf of petitioner, and Ms. Soladay also signed her own declaration in support of the motion, as well as two supplemental declarations dated September 17 and September 22, 1985. At a hearing on September 23, 1985, at petitioner's request, Ms. Soladay was substituted as appointed counsel in the place of Mr. Wilson "for the limited purpose of filing a motion for a new trial and appearance and argument to the court at the time of sentencing."

Following her appointment, Ms. Soladay filed numerous motions in the trial court requesting appointment of cocounsel, funds for ancillary services, and for reasonable attorney fees for services rendered, as follows:

A. *Motions and rulings pertinent to cocounsel and reasonable attorney fees.*

On October 15, 1985, petitioner made a motion for the appointment of second counsel pursuant to section 987, subdivision (b), and requested that

respondent appoint Eric Multhaup and set his rate of compensation at at least $60 per hour. The request for appointment of second counsel was denied summarily and without a statement of reasons by respondent on October 21, 1985.

On November 4, 1985, petitioner filed a petition for writ of mandate in this court challenging respondent's denial of his motion for appointment of second counsel and for the establishment of reasonable attorney fees. On November 7, 1985, this court issued a peremptory writ of mandate directing respondent to enter a new order on petitioner's motion for second counsel, stating reasons as required by section 987, subdivision (d), if the motion was again denied. Respondent's response to this court's order was filed November 13, 1985. Respondent again denied petitioner's request for second counsel stating, among other things, that it did not feel additional assistance was required for the posttrial proceedings for which Attorney Salle Soladay was appointed.

Petitioner filed his second petition for writ of mandate in this court on December 16, 1985, challenging respondent's reasons for the denial of his motion for second counsel and for setting reasonable attorney fees. On January 28, 1986, this court denied the petition for writ of mandate. A petition for hearing from this denial was denied by the California Supreme Court on March 13, 1986.

On February 21, 1986, Attorney Soladay filed a request that the Appellate Department of the Tulare County Superior Court authorize compensation for her services in the amount of $60 per hour. The appellate department subsequently ordered that Ms. Soladay would be compensated in the amount of $40 per hour for any services performed subsequent to the date of the order, which was February 21, 1986.

On March 21, 1986, petitioner made a second motion for appointment of cocounsel and for the setting of a rate of compensation for appointed counsel at $60 per hour. This second motion was denied by respondent on June 18, 1986, in a minute order which states, "The court hereby reaffirms its oral denial of defendant's counsel Salle Soladay's further request for cocounsel; said counsel's previous request and denial was affirmed by the 5th District Court of Appeal."

On April 4, 1986, Ms. Soladay submitted a petition for reasonable compensation for her performance of services that totaled 315.6 hours. Ms. Soladay requested that she be compensated at the rate of $60 per hour, for a total sum of $18,036 (315.6 hours times $60 per hour actually equals

$18,936). On April 9, 1986, respondent ordered that Ms. Soladay be paid $1,500 for services rendered.

B. *Motions and rulings pertinent to ancillary funds.* *

. . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I

*Did the trial court abuse its discretion in denying petitioner's second motion for cocounsel?*

On October 21, 1985, petitioner's first motion for appointment of cocounsel was summarily denied by the trial court. Pursuant to a petition for writ of mandate, this court on November 7, 1985, issued a peremptory writ of mandate directing respondent court to "vacate its minute order of October 21, 1985, and enter a new order upon defendant's motion for second counsel which states reasons as required by law if said motion is again denied." Subsequently, respondent filed a response to our order. The response provides the motion for cocounsel was denied "principally because the Court felt that additional legal assistance was not required for these motions," such motions being the motion for new trial and any motion involved with the sentencing proceedings. Respondent further noted that it had tried the case and was well aware of all issues involved. It also noted that trial counsel, Mr. Wilson, is a competent attorney with considerable experience in criminal defense work. Finally, it was respondent's opinion that if Ms. Soladay was not equipped or experienced enough to handle the motions, she should withdraw from the case.

Petitioner then filed a second petition for writ of mandate with this court on December 16, 1985, challenging respondent's statement of reasons. This court ultimately denied the petition without elaboration on January 28, 1986. Petitioner filed a petition for review in the Supreme Court, but review was denied on March 13, 1986.

On March 21, 1986, petitioner's second "motion for appointment of second counsel and for setting rate of compensation" was mailed to respondent. The motion states in relevant part that petitioner, through his appointed counsel Salle Soladay, moves for the appointment of second counsel

---

* See footnote, *ante,* page 1279.

pursuant to section 987, subdivision (b). Petitioner further provides that the motion is based on all grounds set forth in his first motion for appointment of cocounsel filed on or about October 15, 1985, and incorporates the motion in full. He also incorporates the four prior motions for investigative funds under section 987.9 and the one prior motion for extraordinary fees into his motion for appointment of cocounsel "as they are pertinent to this motion."

In addition to these references to other documents, petitioner alleges in the motion that Ms. Soladay has discovered the case is far more complex than she first realized upon being appointed. Furthermore, the case involves a large amount of material that Ms. Soladay will have to review, which trial counsel Wilson failed to review, for purposes of the new trial motion. Petitioner includes a specific list in his motion of the material which includes, for example: taped statements of 48 people the prosecution considered witnesses; 399 photographs taken by the prosecution and its agent; 152 pages of officer's notes; 5 experts who conducted scientific tests and rendered opinions; and 1,749 pages of transcript of the trial.

Petitioner then points out numerous actions that trial counsel failed to perform in petitioner's defense. These actions all relate primarily to the failure of Mr. Wilson to investigate the case properly. "That since defendant's first request for assistant counsel on October 15, 1985, he has learned that former counsel did not interview one prosecution witness except the defendant's grandmother and sister who he had interviewed as potential defense witnesses, he did not review any of the prosecution tapes of witness statements except those of the defendant and co-defendants, he did not review the transcripts of most of the prosec[u]tion witness's taped statements, he did not view either the crime site or the area where the defendant was supposed to have made the determination necessary to find intent to burgle, rob, assist in a killing in this case where an eye witness to his actions and those of the co-defendants were supposed to be circumstantial evidence of that nor an area where two other eye witnesses said they viewed the defendant doing acts material to the defense, he failed to have a psychiatric examination of defendant having only a psychological evaluation at a time the defendant, according to the psychologist, was trying to end his life and 'get the death penalty' by making incriminating statements (that was the only defense used in this case) and before former defense counsel had any evidence of defendant's mental illness. The former defense counsel never had any psychiatric interviews done with the defendant after he obtained the information from various people that defendant was exhibiting mental disease, defect or disorder. Defense counsel did not have one expert view the evidence, the sites, or anything else in this case (other than the psychologist meeting with the defendant). Defense counsel made no motion to

suppress defendant's statements that were the only evidence alleged by the prosecution of an intent to kill or aid in a killing and the only evidence alleged by the prosecution of an intento [*sic*] to burgle or rob in this case, and former defense counsel didn't even voire [*sic*] dire the officers taking the statements or any other person or officer who had conversations with defendant prior to such statements, thereby losing that information for the re[cord]."

Petitioner further alleges that his present defense counsel, in representing him on his motion for new trial, is having to develop all of the defense material trial counsel should have developed. Counsel also must do all work regarding errors committed during trial. This includes research on instructions, which alone will be enormous, and research on proportionality. Petitioner finally notes that the work to be done is made more difficult by the fact that counsel will have to do all of the work described in his motions requesting funds for ancillary services, as these motions have been denied.

There was no affidavit by Attorney Salle Soladay attached to the document. (See § 987, subd. (d).)

On June 18, 1986, respondent issued its ruling on petitioner's request for cocounsel in a brief minute order as follows: "The Court hereby reaffirms its oral denial of defendant's counsel Salle Soladay's further request for cocounsel; said counsel's previous request and denial was affirmed by the 5th District Court of Appeal."

 Petitioner's motion for cocounsel was made pursuant to section 987, subdivision (b). The motion should have been made pursuant to section 987, subdivision (d), which deals specifically with appointment of cocounsel and which was operative January 1, 1985, well before petitioner's motion was brought. Section 987, subdivision (d), provides: "In a capital case, the court may appoint an additional attorney as a cocounsel upon a written request of the first attorney appointed. The request shall be supported by an affidavit of the first attorney setting forth in detail the reasons why a second attorney should be appointed. Any such affidavit filed with the court shall be confidential and privileged. The court shall appoint a second attorney when it is convinced by the reasons stated in the affidavit that the appointment is necessary to provide the defendant with effective representation. If the request is denied, the court shall state on the record its reasons for denial of the request."

 Contrary to real party's argument, we interpret section 987, subdivision (d), to give courts the discretion to appoint cocounsel for a posttrial motion.

██ The pertinent rules of statutory construction may be summarized as follows: "In construing a statute, the court's primary goal is to find and give effect to the legislative intent or purpose in enacting the statute. (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 576 . . . ; *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 . . . ; *County of San Mateo* v. *Booth* (1982) 135 Cal.App.3d 388, 396 . . . .) The words and language of the statute are the primary source of legislative intent. The court must first look to the language of the statute to ascertain legislative intent, giving effect to the usual, ordinary import of the language. If the language is clear and unambiguous then the court need not engage in further construction; it merely applies the statute as expressed. (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884 . . . ; *People* v. *Haney* (1984) 156 Cal.App.3d 109, 115 . . . ; *County of San Mateo* v. *Booth, supra,* 135 Cal.App.3d at p. 396.) If the court determines the statute is ambiguous, other rules of statutory construction must be used to interpret the legislative intent.

"In construing the statute, the court must presume each word, phrase or provision in the statute was intended by the Legislature to have meaning and perform a useful function. (*Mahdavi* v. *Fair Employment Practice Com.* (1977) 67 Cal.App.3d 326, 334 . . . ; *Carleson* v. *Unemployment Ins. Appeals Bd.* (1976) 64 Cal.App.3d 145, 155-156 . . . .) . . . Furthermore, ' "Statutes must be given a reasonable and common sense construction in accordance with the apparent purpose and intention of the lawmakers—one that is practical rather than technical, and that will lead to a wise policy rather than to mischief or absurdity." ' (*Bush* v. *Bright* (1968) 264 Cal.App.2d 788, 792 . . . .) ██ Finally, in construing a criminal statute, the court must be 'guided by the principle that "[i]n construing a criminal statute, a defendant 'must be given the benefit of every reasonable doubt as to whether the statute was applicable to him.' [Citation.]" (*People* v. *Baker* (1968) 69 Cal.2d 44, 46 [69 Cal.Rptr. 595, 442 P.2d 675].)' (*People* v. *Caudillo, supra,* 21 Cal.3d at p. 576.)" (*People* v. *McCaskey* (1985) 170 Cal.App.3d 411, 415-416 [216 Cal.Rptr. 54].)

Section 987, subdivision (d), states that a court may appoint an additional attorney as cocounsel *in a capital case* when the court is convinced cocounsel *is necessary to provide defendant with effective representation.* ██ A defendant's constitutional right to effective representation attaches at all stages of a criminal case, including posttrial proceedings. ██ Hence, if a proper showing is made that convinces the court defendant needs cocounsel to protect his right to effective representation on a posttrial matter, the court is necessarily vested with discretionary power to make the appointment. Real party's arguments for a contrary interpretation are not persuasive.

Having interpreted section 987, subdivision (d), to provide the trial court with discretionary authority to appoint cocounsel on a posttrial motion, we now address petitioner's contentions that respondent abused its discretion in denying his motion for cocounsel and in failing to state reasons for its denial.

In *People* v. *Jackson* (1980) 28 Cal.3d 264 [168 Cal.Rptr. 603, 618 P.2d 149], the California Supreme Court held that an indigent defendant in a capital case had no absolute right to be represented by two appointed counsel. "[E]qual protection demands are satisfied by permitting the trial court, in its discretion, to appoint additional counsel at public expense if the circumstances in a particular case appear to require such an appointment." (*Id.* at p. 287.) In upholding the trial court's summary denial of Jackson's motion for additional counsel, the Supreme Court stated, in part: "Defendant had ample opportunity to explain to the court any additional factors which supported his motion, but he failed to furnish any specific, compelling reasons in that regard. As explained above, counsel, 'without going into any detail,' merely relied upon 'the circumstances surrounding the case.'" (*Ibid.*)

In *Keenan* v. *Superior Court* (1982) 31 Cal.3d 424 [180 Cal.Rptr. 489, 640 P.2d 108], decided before the addition of subdivision (d) to section 987, the Supreme Court held that funds for cocounsel were authorized under subdivision (b) of that section. The court stressed, however, that the appointment of cocounsel was a discretionary decision resting with the trial court. (*Keenan, supra,* at p. 430.) The court listed several guidelines for a trial court to follow when exercising its discretion. The trial court must, in making its decision, keep in mind that a defendant charged in a capital case has his life at stake and must be insured every safeguard to guarantee him a full defense. The court also should consider the importance attached to pretrial preparation in providing a defendant with effective legal assistance. The *Keenan* court noted the trial attorney must become thoroughly familiar with the factual and legal circumstances of the case, and in a murder prosecution which is factually and legally complex, the task of preparing for trial places a substantial burden on the attorney. Hence, in assessing the need for cocounsel, the court should focus on the complexity of the issues involved, keeping in mind the critical role that pretrial preparation may play. (*Id.* at pp. 430-432; see also *People* v. *Burgener* (1986) 41 Cal.3d 505, 522-524 [224 Cal.Rptr. 112, 714 P.2d 1251].)

Although, under certain circumstances, a trial court's denial of an indigent defendant's motion for the appointment of second counsel may be an abuse of discretion (*Keenan* v. *Superior Court, supra,* 31 Cal.3d at p. 434), the initial burden is on the defendant to present a specific factual showing as

to why the appointment of a second attorney is necessary to his defense. (*Ibid.*) It is clear that petitioner failed to meet this initial burden in the present case.

First, section 987, subdivision (d), provides that the written request for cocounsel "shall be supported by an affidavit of the first attorney setting forth in detail the reasons why a second attorney should be appointed," and "The court shall appoint a second attorney when it is convinced by the reasons stated in the affidavit that the appointment is necessary to provide the defendant with effective representation." Petitioner's written request for cocounsel was not accompanied by an affidavit by Ms. Soladay setting forth in detail the reasons why cocounsel should be appointed. Furthermore, the request itself is unverified. Respondent would not have abused its discretion in denying a motion without documentary support.

Furthermore, the unsupported allegations in petitioner's request for cocounsel do not meet the requisite showing of need for cocounsel. Ms. Soladay states in the request that since the first motion was made, she has found that the "case is even far more complex than [she] could understand at that time . . . ." This statement that the case is complex is only a conclusion, and the motion states no other specific facts pertinent to the case to explain why it is complex. Moreover, from the record before us, we do not know which special circumstance or circumstances were charged, nor do we know the theories of either the prosecution or the defense cases. Consequently, this court cannot evaluate a bare claim that the case is complex and determine whether the complexity actually warrants the appointment of cocounsel on petitioner's motion for new trial.

Ms. Soladay also has included a list of material that she claims must be studied for purposes of representing petitioner in the motion for new trial. She states that trial counsel failed to review much of it. If trial counsel's inadequate representation was the failure to investigate the prosecution's case as alleged, then Ms. Soladay should review this material to see if any material exists that would have been beneficial to the defense. Ms. Soladay has stated no reason why she is not able to review this material herself or why it is necessary for another attorney to assist her. At the time of the second motion, Ms. Soladay had not stated that any particular pressing time constraints were present or that if a hearing was set for the new trial motion, a continuance could not be granted to allow her time to adequately prepare.

Furthermore, a motion for cocounsel in this case should be reserved until the material actually is reviewed by Ms. Soladay. At this later time, Ms. Soladay would have found if any evidence exists that should have been

presented at trial but was not. When she has knowledge of the pertinent evidence, she will be able to articulate the specific issues involved, will know the complexity of the issues involved and will be able to state more particular reasons showing the necessity of cocounsel.

Ms. Soladay finally contends, "In addition all the work regarding errors commited [*sic*] during trial and essentially a semi-appellate review of the trial is necessary must be done. The research that is entailed for instructions alone is enormous. There must be work done a proportionality study." This is conclusionary and not sufficiently specific for a court to assess the need for cocounsel. For example, in any case in which a motion for new trial is sought, potential legal errors at trial must be examined. This, of itself, does not show that cocounsel is necessary. Similarly, the fact that the instructions must be reviewed does not necessarily merit cocounsel. Also, the reference to a proportionality study is simply too vague to be of any help to a court determining the need for cocounsel. The nature of the proportionality study and any applicability of such a study to the facts of this case are unclear.

Finally, the request incorporates by reference numerous documents: the first request for second counsel and all declarations filed with the motion; a motion for the setting of extraordinary fees; and four motions for funds for ancillary services brought pursuant to section 987.9. Ms. Soladay has not stated why these materials have been incorporated, except to note that the court may review the documents "as they are pertinent to this motion." These documents, especially the four section 987.9 motions, are voluminous and must certainly contain matters not relevant to the court's consideration of appointing second counsel. It would seem that if Ms. Soladay wishes the court to consider parts of these documents, she should state specifically what parts are to be reviewed and how each part is relevant to the request for cocounsel. ▆▆ It is not the lower court's duty to search through voluminous material to find support for respondent's request, just as it is not an appellate court's duty to search through a record to find support for allegations in an appellate brief. (*Kleist* v. *City of Glendale* (1976) 56 Cal.App.3d 770, 778 [128 Cal.Rptr. 781]; *People* v. *Paramount Citrus Assn.* (1957) 147 Cal.App.2d 399, 407 [305 P.2d 135].)

Petitioner also contends respondent's summary denial of the second motion by referring to the reasons stated for its denial of the first motion was an abuse of discretion because petitioner had filed voluminous additional material in support of his second motion, and respondent failed to address any of this new material in its denial. That respondent failed to state reasons for its denial of the second request for cocounsel does not automatically mean its denial was an abuse of discretion. For the reasons stated previous-

ly, respondent clearly did not abuse its discretion in denying the motion for cocounsel. Any remand to require a statement of reasons would be a waste of judicial resources in this case. (See *In re Pipinos* (1982) 33 Cal.3d 189, 203 [187 Cal.Rptr. 730, 654 P.2d 1257, 28 A.L.R.4th 205].)

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The petition for writ of mandate is denied.

Franson, Acting P. J., and Martin, J., concurred.

. . . . . . . . . . . . . . . . . . . . .*

A petition for a rehearing was denied August 24, 1987, and petitioner's application for review by the Supreme Court was denied November 12, 1987.

---

* See footnote, *ante*, page 1279.