The majority opinion reached its conclusion that the 35-day statute of limitations did not run by wrongly voiding a California Environmental Quality Act (CEQA; Pub. Resources Code, § 21050 et seq.) "approval." It did this by (1) claiming the City of Stockton (City) did not give timely notice of its approval even though the City did in fact give notice; and (2) improperly ruling in favor of plaintiffs' claims on the merits. Neither ground is a legitimate basis for tolling the statute of limitations. I therefore dissent.
 1. Approval and lack of notice
 Relying on County of Amador v. El Dorado County Water Agency (1999)76 Cal.App.4th 931 [91 Cal.Rptr.2d 66] (County of Amador), the majority opinion concludes a public agency's approval must not be defective procedurally in order for it to trigger the 35-day limitations period. County of Amador, *Page 351 
however, did not so hold. There, the issue was not whether the statute of limitations ran because the approval was procedurally defective; it was whether the statute ran where there had been no approval at all. We concluded there was no approval in that case because the public agency's action did not, as required by CEQA, "`commit? the agency to a definite course of action in regard to a project intended to be carried out by any person.' ([CEQA] Guidelines, § 15352, subd. (a).)" (County of Amador,supra, 76 Cal.App.4th at p. 963.)
 Here, there is no dispute that the planning director's (Director) letter of December 15, 2003, which was included in the administrative record, committed the City to a definite course of action. By approving the project, rightly or wrongly, as a ministerial project, the City bound itself to allowing the development to proceed. Except for the building permit, which is also ministerial, no other approvals were needed from the City before the project could be built. This was so even though the Director denoted his letter as a "Status Report." Thus, for purposes of CEQA, the letter was an approval.
 Despite CEQA's clear definition of an approval, the majority opinion claims the Director's letter was not an approval because it was not made public at the time it was issued and thereby deprived the public of an opportunity to exercise its appeal rights under the MDP (master development plan). Contrary to the majority opinion's holding, nothing in CEQA or the City's own rules specifies that the failure to give public notice of a ministerial approval voids the approval.
 Assuming the Director was required to give public notice of his ministerial approval, the failure to give notice excused plaintiffs only from having to exhaust their administrative remedies before bringing this action. CEQA requires no party to exhaust administrative remedies where "the public agency failed to give the notice required by law." (Pub. Resources Code, § 21177, subd. (e).) Thus, plaintiffs were under no requirement to appeal the Director's decision to the planning commission, as otherwise required by City ordinance, before bringing this action.
 However, the failure to give notice did not excuse plaintiffs from complying with the statute of limitations once the City in fact gave notice of its approval by posting the notice of exemption on the project. (McQueen v. Board of Directors (1988) 202 Cal.App.3d 1136,1150-1151 [249 Cal.Rptr. 439], disapproved on other grounds in WesternStates Petroleum Assn. v. Superior Court (1995) 9 Cal.4th 559, 576, fn. 6 [38 Cal.Rptr.2d 139, *Page 352 888 P.2d 1268] [posting of notice of exemption triggered 35-day statute of limitations even though plaintiff received inadequate notice of project and was excused from exhausting available administrative remedies].) The statute of limitations begins to run once the notice of exemption is posted following the agency's approval, regardless of whether plaintiffs had notice of the approval at the time it happened or had notice of administrative remedies accompanying that approval. (Cal. Code Regs., tit 14, § 15112, subd. (c); CEQA Guidelines.)
 Indeed, the Director not giving public notice here at the time of his approval is a red herring. The City's notice of exemption gave plaintiffs notice of the approval and cured the Director's omission. Moreover, it extended to plaintiffs 35 days to challenge the approval in court from the date of the notice of exemption, instead of the 10 days allowed from the approval date to challenge the approval before the planning commission. Plaintiffs suffered no prejudice from not being notified of the Director's letter prior to the posting of the notice of exemption.
 In short, the majority opinion relies on an inapplicable case and the specious ground of notice to void an approval that meets the requirements of CEQA. The opinion's conclusion is contrary to CEQA.
 2. Ruling on the merits
 Besides improperly voiding the approval on the basis of notice, the majority opinion unacceptably rules on the merits of the case to overcome the bar imposed by the statute of limitations. It asserts the Director's decision was not an approval because he could not have been delegated authority, and in fact was not delegated authority, to approve a project such as this that is inconsistent with the MDP and required furtherenvironmental review. (Maj. opn., ante, at pp. 336-337, 349.) This reasoning posits the very issue the complaint sought to resolve as the basis for determining whether the limitations period ran. The Director's purported abuse of authority is not a valid ground for nullifying the statute of limitations.
 The majority opinion reaches its conclusion on this argument based on faulty premises. Contrary to the opinion's assertions, CEQA authorized the City to delegate limited authority to the Director, and the City in fact delegated that authority to the Director. First, CEQA authorizes the City to "assign specific functions to its staff," including the authority to determine "whether a project is exempt" and the "[f]iling of notices." (CEQA Guidelines, § 15025, subd. (a)(1), (6).) *Page 353 
Kleist v. City of Glendale (1976) 56 Cal.App.3d 770 [128 Cal.Rptr. 781], relied upon by the majority opinion, is not to the contrary. That case held the functions of considering an EIR (environmental impact report) or a negative declaration (prepared for projects not exempt from CEQA) and making findings in response to significant effects identified in a final EIR cannot be delegated. (56 Cal.App.3d at pp. 775, 779.) Nothing in Kleist prohibits a lead agency from delegating the authority the City delegated to the Director here — determining a project is exempt from CEQA.
 Second, the City in fact delegated to the Director the authority to determine the project was exempt from CEQA and was consistent with the MDP, and to approve the project. A City ordinance assigns to the Director the responsibility to determine whether a project is exempt from CEQA. (Stockton Mun. Code, § 16-410.050, subd. B.) Also, the City's zoning ordinances vest in the Director the authority to approve projects that are consistent with an adopted MDP. (Stockton Mun. Code, former § 16-208, subd. F.) Indeed, the adopted MDP requires the Director to approve a project that complies with the MDP. Thus, the Director had lawful authority to determine the Wal-Mart project was exempt from CEQA and to approve it as consistent with the MDP, and his decision was a decision of the public agency.
 Alleging the Director exceeded his authority and reached a decision not supported by substantial evidence are grounds for voiding the approval if the legal action raising those grounds is filed on a timely basis. These allegations are not, however, grounds for tolling the statute of limitations. The statute applies to any decision the agencyimproperly made, not just to decisions properly made. The 35-day statute states it applies to an action "alleging a public agency has improperly determined that a project is not subject to [CEQA]," and that the statute commences to run upon the filing of a notice of exemption. (Pub. Resources Code, § 21167, subd. (d).) The majority opinion turns the statute of limitations on its head, arguing in effect the statute does not commence to run if the agency's decision violated CEQA. No California court has conditioned the running of a statute of limitations upon the validity of the complainant's allegations, as the majority opinion does here. Applying the statute of limitations as the majority opinion does obliterates the statute. *Page 354 
 The majority opinion concedes the action was not brought within the 35-day limitations period. For the reasons expressed, I would conclude the Director's December 15 letter was an approval for purposes of CEQA, and I would reverse the decision of the trial court due to plaintiffs' failure to file their action within the time allotted by the applicable statute of limitations. *Page 355